-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CHARLES GATLING,

        Plailntiff,

    -v-                                   11-CV-0937M
                                                  ORDER

SUPERINTENDENT MARK S. BRADT, DSS CHAPPIUS,
BRIAN FISCHER, SERGEANT KALINOWSKI,
OFFICER J. CAGGIIOLA, OFFICER J. HAZZARD ,

        Defendants.

---



## INTRODUCTION

Plaintiff, Charles Gatling, an inmate of the Attica Correctional Facility, initially filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1) in the United States District, Southern District of New York, which subsequently transferred the action to this Court. He has both requested permission to proceed *in forma pauperis* and filed a signed Authorization (Docket Nos. 1, 7.) Plaintiff claims that defendants Correctional Officers Caggiola and Hazzard assaulted him in C-Block, 25-26 Company on May 5, 2011, and that he suffered injuries as a result. He seeks $250,000 in compensatory damages. For the reasons discussed below, plaintiff's request to proceed as a poor person is granted, his claims against defendants Superintendent Mark Bradt, Deputy Superintendent of Security Chappius, Commissioner Brian Fischer and Sergeant Kalinowski are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and

service by the U.S. Marshals is ordered with respect to the remaining claim against defendants Officers Caggiola and Hazzard.

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, plaintiff is granted permission to proceed *in forma pauperis*. Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this complaint. In evaluating the complaint, the Court must accept as true all of the factual allegations and must draw all inferences in plaintiff's favor. *See* Larkin v. Savage, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); King v. Simpson, 189 F.3d 284, 287 (2d Cir. 1999). While "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. Wynder v. McMahon, 360 F.3d 73 (2d Cir. 2004). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted); *see also* Boykin v. Keycorp, 521 F.3d 202, 213 (2d Cir 2008) (discussing

pleading standard in *pro se* cases after <u>Twombly</u>; "even after <u>Twombly</u>, dismissal of a pro se claim as insufficiently pleaded is appropriate only in the most unsustainable of cases." ). Generally, the Court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." <u>Abbas v. Dixon</u>, 480 F.3d 636, 639 (quoting <u>Gomez v. USAA Federal Savings Bank</u>, 171 F.3d 794, 796 (2d Cir. 1999) (*per curiam* )).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." <u>Whalen v. County of Fulton</u>, 126 F.3d 400, 405 (2d. Cir. 1997) (citing <u>Eagleston v. Guido</u>, 41 F.3d 865, 875-76 (2d Cir.1994)). Based on its evaluation of the complaint, the Court finds that plaintiff's claims against defendants Bradt, Chappius, Fischer, and Kalinowksi must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b) because they fail to state a claim upon which relief may be granted.

A.  PLAINTIFF'S CLAIMS

As noted, plaintiff alleges that on May 5, 2011, at approximately 7:30 a.m., he was assaulted by Correctional Officers Caggiola and Hazzard, and several other officers, and following said assault he had to have surgery to remove "blood on [his] knee." Plaintiff makes no allegations against any of the other defendants named in the complaint.

Plaintiff may not rely on the doctrine of *respondeat superior* to establish liability in a § 1983 action. Monell v. New York City Department of Social Services, 436 U.S. 658, 691-95 (1978). "The bare fact that [the defendant] occupies a high position in the New York prison hierarchy is insufficient to sustain [plaintiff's] claim." Colon v. Coughlin, 58 F.3d 865, 874 (2d Cir. 1995). Instead, a showing of some personal responsibility on the part of an employer is required. In the case of an individual defendant, plaintiff must show that the defendant was personally involved in a constitutional deprivation, Sealey v. Giltner, 116 F.3d 47, 51 (2d Cir. 1997), or that the defendant, employed in a position of control, failed to remedy the alleged wrong after learning of it, or created a policy or custom under which unconstitutional practices occurred, or was grossly negligent in managing subordinates, Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994).

4

As noted, plaintiff makes no allegations against the supervisory officials sued herein--Superintendent Bradt, Deputy Superintendent Security Chappius, Commissioner Fischer and Sergeant Kalinowski and, therefore, because the allegations (or lack thereof) fail to demonstrate these defendants' personal involvement in the alleged assault, the claims against them are dismissed with prejudice. The Court finds that, in the absence of any allegations against these defendants and their roles as supervisory officials, leave to amend against them would be futile. See Holmes v. Grubman, 568 F.3d 329, 334 (2d Cir. 2009) ("Generally, a district court has discretion to deny leave [to amend] for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party."); see also Fuentes v. Tilles, 09-2954-cv, 2010 WL 1838702 (2d Cir., May 10, 2010) (Second Circuit affirming sua sponte dismissal of pro se complaint pursuant to 28 U.S.C. § 1915(e) without leave to amend) (citing Ellis v. Chao, 336 F.3d 114, 127 (2d Cir. 2003)).

## CONCLUSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to the filing fee, his request to proceed in forma pauperis is hereby granted. For the reasons discussed above, plaintiff's claims against defendants Bradt, Chappius, Fischer and Kalinowski are dismissed with prejudice pursuant to 28 U.S.C.

§§ 1915(e)(2)(B)(ii) and 1915A, and the U.S. Marshal is directed to serve the summons and complaint on Correctional Officers Caggiola and Hazzard regarding the remaining claim of assault/use of excessive force.

### ORDER

IT HEREBY IS ORDERED, that plaintiff's request to proceed *in forma pauperis* is granted;

FURTHER, that plaintiff's claims against defendants Bradt, Chappius, Fischer and Kalinowski are dismissed with prejudice;

FURTHER, that the Clerk of the Court is directed to terminate defendants Bradt, Chappius, Fischer and Kalinowski as parties to this action;

FURTHER, that the Clerk of the Court is directed to file plaintiff's papers, and to cause the United States Marshal to serve copies of the Summons, Complaint, and this Order upon Correctional Officers Caggiola and Hazzard without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor;

FURTHER, that pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to respond to the complaint.

SO ORDERED.

S/ Michael A. Telesca

----
MICHAEL A. TELESCA
United States District Judge

Dated: March 22, 2012
       Rochester, New York