UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CHARLES GATLING, 10-A-0051,

                  Plaintiff,

v.

C.O.J. COGGIOLA; and
C.O.J. HAZZARD,            Defendants.

**REPORT, RECOMMENDATION and ORDER**

11-CV-00937(S)(M)

---

       This case has been referred to me by Hon. William M. Skretny for supervision of pretrial proceedings, including preparation of a Report and Recommendation on dispositive motions [10].[1] Before me are defendants' unopposed motion to dismiss the Complaint [9] and plaintiff's cross-motion for leave to file an Amended Complaint [16]. For the following reasons, I recommend that defendants' motion to dismiss be granted, and order that plaintiff's cross-motion for leave to amend is granted in part and denied in part.[2]

## BACKGROUND

       Plaintiff, an inmate, commenced this 42 U.S.C. §1983 action *pro se* alleging that defendant Correctional Officers, J. Coggiola and J. Hazzard and "several" other unidentified officers "punch[ed] and kick[ed]" him on May 5, 2011, while he was incarcerated in the C-Block

---

[1]     Bracketed references are to CM/ECF docket entries.

[2]     "Although the Second Circuit has not yet definitively ruled on the issue, . . . the 'weight of authority' in this Circuit treats motions to amend pleadings as nondispositive and subject to review under Rule 72(a) of the Federal Rules of Civil Procedure-at least where the ruling does not involve a denial of leave to amend that foreclose a party from asserting potential claims." Sentry Insurance v. Brand Management Inc., 2012 WL 3288178, 2 n.4 (E.D.N.Y. 2012).

of the Attica Correctional Facility. Complaint [2], pp. 4-5.[3] Following the assault, he was taken to the Special Housing Unit ("SHU") and was allegedly told by defendant Coggiola that "'this is what happens to niggers that file grievance'" (id., p. 5). As a result of the assault, plaintiff alleges that "it was determined that [he] had blood on [his] knee, and [he] had surgery to remove it" (id., p. 5). Plaintiff concedes that he did not file any grievance arising from this incident (id., p. 6).

Plaintiff seeks leave to file an Amended Complaint [16], which re-pleads his excessive force claim arising from the May 5, 2011 incident (id., ¶¶39-44, 62-63, 70-71 (sixth and tenth causes of action)).[4] In addition, he alleges nine new causes of action and seeks to add at least 15 new defendants for other alleged conduct occurring from 2010 to 2012, including the denial of access to recreation, exercise and telephone (id., ¶¶52-53 (first cause of action)), the denial of access to the law library (id., ¶¶54-55 (second cause of action)), the denial of access to Jewish religious services and Kosher meals (id., ¶¶56-59 (third and fourth causes of action)), retaliation in the form of "verbal threats, intimidation, and aggravated harassment" for filing grievances (id., ¶¶60-61 (fifth cause of action)), the denial of due process at his resulting Tier-III hearing arising from the alleged assault (id., ¶¶64-69 (seventh, eighth and ninth causes of action)), and the failure to process his grievances (id., ¶¶72-73) (eleventh cause of action)).

---

[3] Hon. Michael A. Telesca dismissed, with prejudice, plaintiff's claims against the supervisory defendants (Superintendent Mark Bradt, Deputy Superintendent of Security Chappius, Commissioner Brian Fischer and Sergeant Kalinowski) pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A. March 22, 2012 Order [8].

[4] The sixth and tenth causes of action appear to arise from the same use of force incident. Since this incident appears to have occurred while he was an inmate serving a sentence, his claim more appropriately alleges a violation of his Eighth Amendment rights, rather than a violation of his Due Process rights as he alleges ([16], ¶¶63, 71). See United States v. Walsh, 194 F.3d 37, 47 (2d Cir. 1999) ("While the Eighth Amendment's protection does not apply 'until after conviction and sentence,' . . . the right of pretrial detainees to be free from excessive force amounting to punishment is protected by the Due Process Clause of the Fourteenth Amendment").

ANALYSIS

A.     **Defendants' Motion to Dismiss**

Defendants move to dismiss the Complaint, arguing that plaintiff failed to exhaust administrative remedies and that the alleged "isolated use of *de minimis* force resulting in minor injury which lacks any causal connection to the complained-of force is insufficient to state [*sic*] plausible constitutional claim". Defendants' Memorandum of Law [9-1], pp. 4-5. Plaintiff asks that "Defendants' Motion to dismiss be granted in all respects". Plaintiff's Notice of Motion [16], ¶1. Therefore, I recommend that defendants' motion to dismiss be granted.

B.     **Plaintiff's Cross-Motion for Leave to Amend**

Defendants oppose the motion, arguing that "[t]he disparity between the original Complaint and the proposed Amended Complaint is so great that it would be unduly prejudicial to allow the Plaintiff to fundamentally alter his lawsuit by filing an Amended Complaint", and that "[a]dding more than a dozen new defendants would also delay the case." Defendants' Memorandum of Law [18], p. 7.[5] I agree with defendants.

Fed. R. Civ. P. ("Rule") 15(a)(2) provides that leave to amend "should [be] freely give[n] . . . when justice so requires". However, "[w]hen a party seeks to amend a complaint to add

---

[5]     Although defendants initially argued that plaintiff's motion for leave to amend should be denied because the proposed Amended Complaint fails to provide a plausible excuse for his failure to exhaust administrative remedies (defendants' Memorandum of Law [18], pp. 5-7), they have withdrawn this argument, without prejudice to renewal. Defendants' Supplemental Memorandum [21], p. 2. Defendants argue that they "still maintain their arguments that the motion to amend should be denied to the extent Plaintiff failed to rectify deficiencies in the original Complaint". Id. However, the only other deficiency identified in defendants' motion to dismiss was that the Complaint failed to allege more than a *de minimis* use of force and this argument is not expressly repeated in defendants' opposition to plaintiff's motion for leave to amend. Nevertheless, I conclude that plaintiff's allegation that he was "physically beat, kick[ed], punched, . . . and stomped . . . about the face, head, back, arms and legs" causing "lumps, bumps and bruises", as well as a blood clot that required emergency surgery, sufficiently pleads more than a *de minimis* injury Proposed Amended Complaint [16], ¶¶40, 42, 44.

more defendants, a court must also consider Rule 20(a) of the Federal Rules of Civil Procedure." Barclay v. Poland, 2010 WL 3657664, *3 (W.D.N.Y. 2010) (Payson, M.J.), adopted 2010 WL 3660542 (W.D.N.Y. 2010) (Siragusa, J.). Rule 20(a)(2)(A) permits the joinder of additional defendants where the right to relief asserted against them arises out of the same transaction or occurrence and concerns a common question of law or fact.

The only conduct which plaintiff's proposed Amended Complaint attempts to link to the excessive force incident alleged in the Complaint are his claims arising from the subsequent Tier-III disciplinary hearing. According to plaintiff, he was "subjected to a Tier-III Disciplinary Hearing, proceedings and sanctions in order to cover-up or justification for the physical beating" he sustained. Proposed Amended Complaint [16], ¶65. Therefore, I conclude that these claims arise from the same transaction or occurrence as alleged in the Complaint.

The remaining alleged conduct, however, is not sufficiently connected to the May 5, 2011 alleged excessive force incident to be made part of this suit. *See* Moss v. Hanrahan, 2009 WL 3153266, *3 (W.D.N.Y. 2009) (Payson, M.J.), adopted 2009 WL 4806145 (Larimer, J.) ("The five remaining claims, even though many of them name one or two of the original defendants, do not appear to arise from the 'same transaction or occurrence' at issue in the original complaint . . . . For example, [the pro se plaintiff's] allegation that he was discriminated against . . . is simply too attenuated from the original allegations of assault and inadequate medical care to justify adding it to the pending complaint"). Moreover, as defendants argue, "the Court's screening function under the PLRA would also be undermined by allowing an end around the screening procedures for unrelated claims which have been within Plaintiff's knowledge for before he filed the original Complaint". Defendants' Memorandum of Law [18], p. 7. *See* Green v. Denning, 2009 WL 484457, *3 (D.Kan.

2009), recon. denied, 2010 WL 781723 (D. Kan. 2010) ("To permit plaintiff to proceed in this single action on unrelated claims against different defendants that should be litigated in separate action(s) would allow him to avoid paying the filing fees required for separate actions, and could also allow him to circumvent the three strikes provision for any new and unrelated claims that might be found to be 'strike' under 28 U.S.C. §1915(g)").

Therefore, I order that plaintiff's cross-motion for leave to amend be granted to the extent he seeks to file an Amended Complaint asserting causes of action arising from the May 5, 2011 excessive force incident and resulting Tier III disciplinary hearing, but otherwise be denied. This "does not mean that plaintiff loses his right to litigate any of [his other] claims. He is free to file a completely separate lawsuit or lawsuits naming such defendants and claims. He simply may not litigate all his unrelated claims against all these defendants in this single suit. Any new action will obligate plaintiff to pay the . . . district court filing fee even if granted leave to proceed in forma pauperis, and must be submitted on a form complaint in which plaintiff identifies specific . . . defendants and each defendant's personal participation in the alleged misconduct. Additionally, any such complaint will be subject to judicial screening under 28 U.S.C. §1915A, and will constitute a 'strike' under 28 U.S.C. §1915(g) if dismissed as frivolous or malicious, or as failing to state a claim for relief." Green, 2009 WL 484457, *3.

## CONCLUSION

For these reasons, I recommend that defendants' unopposed motion to dismiss [9] be granted, and order that plaintiff's cross-motion for leave to amend is granted to the extent the proposed Amended Complaint alleges causes of action for the May 5, 2011 excessive force incident

and resulting Tier III disciplinary hearing, but is otherwise denied. By March 1, 2013, plaintiff shall file an Amended Complaint limited to these claims and naming only the applicable defendants.[6]

Unless otherwise ordered by Judge Skretny, any objections to this Report, Recommendation, and Order must be filed with the clerk of this court by February 25, 2013 (applying the time frames set forth in Rules 6(a)(1)(C), 6(d), and 72(b)(2)). Any requests for extension of this deadline must be made to Judge Skretny. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

---

[6] Because plaintiff has *in forma pauperis* status, it is the Court's and United States Marshal's responsibility to effect service of the Amended Complaint on any newly added defendants as long as plaintiff properly identifies them. *See* 28 U.S.C. §1915(d).

Dated: February 8, 2013

>                    /s/ Jeremiah J. McCarthy
>                    JEREMIAH J. MCCARTHY
>                    United States Magistrate Judge