UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CHARLES GATLING, (10A0051),

                  Plaintiff,

v.

OFFICER COGGIOLA and OFFICER HAZZARD,

                  Defendants.

DECISION AND ORDER

11-CV-00937(S)(M)

---

This action has been referred to me by Hon. William M. Skretny for supervision of pretrial proceedings [10].[1] Before me are plaintiff's motions ([53, 59]) for leave to conduct depositions. For the following reasons, these motions are denied, without prejudice.

## BACKGROUND

Plaintiff, an inmate, initially commenced this 42 U.S.C. §1983 action alleging that he was assaulted by defendants. Amended Complaint [29]. On April 2, 2012, plaintiff was granted *in forma pauperis* status [8].

## ANALYSIS

Plaintiff moves for permission to take the depositions of the defendants, as well as various non-parties. Gatling Affidavit [59], ¶4. He proposes that the depositions be conducted at his current facility and be audio recorded. Id., ¶3. According to plaintiff, there are "no alternative methods" available to him to conduct these depositions. Id. Defendants oppose plaintiff's motion,

---

[1] Bracketed references are to the CM/ECF docket entries.

arguing "the deposition must be conducted by an officer." Defendant's Memorandum in Opposition [63], p.1. Defendants also oppose "any attempt to shift the financial or administrative costs of depositions to Defendants." Id., p.2.

Fed. R. Civ. P. ("Rule") 30(b)(3)(A) permits deposition testimony to be recorded by audio means. However, "the advisory notes clarify that any such party 'should understand that a transcript will be required . . . if the deposition is later to be offered as evidence a trial or on a dispositive motion under Rule 56.'" Sunegova v. Village of Rye Brook, 2011 WL 6640424, *8 (S.D.N.Y. 2011) (*quoting* Advisory Committee Notes (1993 Amendments)); Hudson v. Spellman High Voltage, 178 F.D.R. 29, 31 (E.D.N.Y. 1998) (examining party obligated to provide typed transcript of portions of recorded deposition on which that party intends to rely upon at trial). "Plaintiff's in forma pauperis status does not excuse her from producing a certified transcript of her depositions of Defendants, which is the ordinary practice in this court." Sunegova, 2011 WL 6640424, *8.

The costs of recording the transcript is "usually borne by the party taking the deposition, even when that party is proceeding *pro se* and granted *in forma pauperis* status." Nowlin v. Lusk, 2014 WL 298155, *9 (W.D.N.Y. 2014) (Scott, M.J.); Doe v. United States, 112 F.R.D. 183, 184 (S.D.N.Y. 1986) ("[A] defendant is not required to advance a plaintiff's stenographic and transcription deposition expenses merely because a plaintiff is unable to pay for such expenses"). Further, "federal courts are not authorized to waive or pay witness fees on behalf of an *in forma pauperis* litigant". Malik v. Lavalley, 994 F.2d 90, 90 (2d Cir. 1993). However, at the June 18, 2014 status conference plaintiff conceded that he lacks the funds to pay for transcribing the audio recording of the depositions or to pay any witness fees. "This Court has

no funds to pay these costs and the fact that the plaintiff may not have the funds does not provide a basis to shift these costs to the defense". Nowlin, 2014 WL 298155, *9.

## CONCLUSION

For these reasons, plaintiff's motions for leave to conduct depositions ([53, 59]) are denied, without prejudice.

**SO ORDERED**.

*/s/ Jeremiah J. McCarthy*
JEREMIAH J. MCCARTHY
United States Magistrate Judge

Dated: June 26, 2014